HARRIS *v.* HICKS.

Opinion delivered May 3, 1920.

1. . HIGHWAYS—SPEED OF AUTOMOBILE—INSTRUCTION.—Where plaintiff testified that defendant was driving his car along a country road at a speed of about 35 miles per hour, an instruction, substantially in the language of the statute (Acts 1911, p. 94), that if the car was being run at a speed greater than 20 miles an hour for one-fourth of a mile, this was *prima facie* evidence that defendant was running his car at a speed greater than is reasonable and proper, *held* not abstract.

2. HIGHWAYS—DUTY OF AUTOMOBILE DRIVER.—In addition to the requirements of the above statute, limiting speed of motor cars, and requiring the driver to stop on approaching a frightened horse, an automobile driver need exercise only ordinary care in the operation of his car; and an instruction imposing upon him the duty to use every reasonable precaution to avoid accident is erroneous as imposing a higher degree of care than the law imposes.

3. HIGHWAYS—NEGLIGENCE IN FAILURE TO STOP CAR—INSTRUCTION.—It is not error to refuse to modify an instruction authorizing recovery for failure to stop the car upon discovery of a horse's fright by adding a proviso that the negligence in failing to stop was the proximate cause of the injury, as the statute makes the refusal to stop in such a case negligence.

4. APPEAL AND ERROR—HARMLESS ERROR.—If it was error to refuse to modify an instruction authorizing recovery for defendant's failure to stop his car upon discovering the fright of defendant's horse by adding a proviso that the negligence in failing to stop must have been the proximate cause of the injury was harmless to defendant where the court told the jury that the burden was on plaintiff to show that defendant was guilty of negligence which caused the injury.

5. HIGHWAYS — MODIFICATION OF INSTRUCTION.—Where there was evidence to support a finding that defendant's failure to stop his automobile after seeing the fright of plaintiff's horse was due to his excessive speed, it was not error to. refuse a modification of an instruction, asked by defendant, which assumed that the only negligence of defendant was a failure to stop at all, rather than a failure to stop in time to prevent injury.

Appeal from Columbia Circuit Court; *C. W. Smith*, Judge; reversed.

*McKay & Smith,* for appellant.

1.  The first instruction for plaintiff was error.  Instruction No. 2 was also error.  208 S. W. 289; 130 Ark. 406.

2.  The court also erred in refusing to modify instruction No. 3, for plaintiff.  *Supra.*

3.  The court erred in giving No. 5 for the plaintiff, which practically takes the case from the jury.  *Supra.*

*Stevens & Stevens,* for appellee.

1.  There is no error in the instructions complained of.  The law is well settled.  Acts 1911, p. 101, § 10; Kirby & Castle's Digest, § 6435; Huddy on Automobiles, § 89; 77 S. W. 196; 161 *Id.* 597; 177 Ill. App. 530; 80 S. E. 36; 113 Ill. App. 1; 131 Ark. 550; 94 *Id.* 115.

2.  The question of contributory negligence was properly submitted to the jury in appellant's fifth instruction.  135 Ill. 641; 137 *Id.* 270; 1 L. R. A. (N. S.) 235; 4 *Id.* 1130.

3.  The court covered the law as to proximate cause, contributory negligence and the preponderance of the evidence in its instructions to the jury, and the law was correctly given.  130 Ark. 344.  The verdict is right, under the law and evidence.

SMITH, J.  Appellee recovered judgment against appellant for the value of a horse owned by him which died as the result of having been struck by appellant's automobile, and this appeal is from that judgment.

The evidence tending to support the verdict is to the effect that appellant was driving his car along a country road at a speed of about 35 miles per hour, when he met appellee riding a horse, and, notwithstanding the fact that the horse became frightened as the car approached, appellant did not stop his car until it struck the horse.  According to the testimony offered in appellant's behalf, appellant was not driving at a greater speed than 20 miles per hour, and appellant stopped the car as soon as he saw, or, in the exercise of ordinary care, could have seen, that the horse was frightened.

The first instruction given told the jury that if the car was being run "at a speed greater than twenty miles an hour for a distance of one-fourth of a mile * * * such a rate of speed is *prima facie* evidence that the defendant was running his automobile at a rate greater than was reasonable and proper with regard to life and limb and person and property." It is urged that this instruction is abstract; but we do not agree with counsel in that contention. Appellee testified that the car was running at a speed exceeding 20 miles per hour, and the instruction set out above is substantially in the language of Act 134 of the Acts of 1911 (Public Acts of 1911, p. 94), regulating the use and speed of automobiles upon the public streets, roads and highways of this State.

The court gave over the objection of appellant an instruction numbered 2 reading as follows: "The court tells the jury that it was the duty of the defendant if the jury finds he was operating an automobile upon the highway in Columbia County, Arkansas, and while so operating said automobile he met plaintiff riding a horse, to use every reasonable precaution to avoid injuring such person or his horse."

The objection to this instruction is that it imposed upon the driver of the car a greater degree of care than is required by law; and we think counsel is correct in that contention.

In the case of *Russ v. Strickland,* 130 Ark. 408, we said that "The driver of an automobile must exercise ordinary care, in the operation of his car, to avoid the infliction of damages or injury to the person or property of another." In the absence of the statute referred to it would properly have been a question for the jury to decide whether it would have been safer to drive on by a frightened horse, or to stop the car; but the Legislature has put that question beyond the consideration of the jury by declaring it the duty of the driver to stop. The Legislature has likewise fixed a maximum speed at which cars may be driven upon the streets and highways of the State, but, except in so far as the Legislature has thus

defined the conduct and duty of the driver of a car, it remains a question of fact for the jury to say whether negligence exists or not, and the test of negligence is what would a reasonably prudent man have done under the circumstances of the particular case?

The instruction required appellant to use every reasonable precaution; whereas, after complying with the statute in regard to speed and stopping the car, appellant was under the duty only of using that degree of care which an ordinarily prudent person would have used under the circumstances. Berry on Automobiles (2 ed), secs. 127 and 128; Babbitt on Motor Vehicles (2. ed.), sec. 977; *Fleming* v. *Oates*, 122 Ark. 28.

Stopping the car upon seeing the approach of a horse might be thought a reasonable precaution; but there is no requirement that one stop his car until it appears, or should appear, that the animal is frightened, or is about to become so. A reasonably prudent driver might not take any precaution upon seeing an animal in the street or road, and it would not be his duty to do so unless, and until, the animal became frightened, or was about to become frightened. The instruction given is applicable to the cases of carriers of passengers and others who have an affirmative duty to make reasonably safe some function they have to discharge, or some service to perform; but it is not applicable in a case where, as here, there is no duty to act until some emergency arises calling for action.

The definition of "precaution" given by Webster is as follows: "1. Previous caution or care; caution previously employed; as, his life was saved by *precaution*. 2. A measure taken beforehand to ward off evil or secure good or success; a precautionary act; as, to take *precautions* against accident."

As thus defined, the instruction imposed a degree of care not required by law.

Instruction numbered 3 was based upon section 12 of the act aforesaid, and declared it to be the duty of the driver of the car, when he saw the horse was frightened,

or when, by the exercise of reasonable care and diligence, he should have discovered that the horse was frightened, or was about to be frightened, to stop the car, and told the jury that if appellant failed to do so he would be liable for the damages sustained.

Appellant asked that this instruction be modified by adding thereto the qualification, "Provided, his negligence in failing to stop was the proximate cause of the injury."

In the case of *Russ* v. *Strickland, supra,* we said, "His failure to stop the car (when he saw, or when, had he been in the exercise of due care, he would have seen, that the horse was frightened, or was about to be frightened) is, therefore, negligence, and renders him liable for any injury of which it is the proximate cause, provided the party injured is not, himself, guilty of negligence contributing to his injury."

It is, of course, necessary, as we said in the case cited, that the negligence be the proximate cause of the injury; but the proviso did not require merely a finding that appellant's negligence was the proximate cause, but that his negligence *in failing to stop* was the proximate cause of the injury. As we have stated, the jury had no right to determine whether appellant should have stopped the car when he saw the horse was frightened. The law imposed that duty, and the court should not, therefore, have given an instruction which left that question open. It was undisputed that the horse became frightened at the car, and appellant admits that he did not stop the car until he hit the horse. There was a controversy as to whether appellant stopped the car as soon as he saw, or should have seen, that the horse had become frightened, and the court presented appellant's theory of the case in appropriate language which told the jury that there could be no recovery "unless you find from a preponderance of the testimony that defendant saw, or by the exercise of due care could have seen, that the plaintiff's horse was frightened, or about to be frightened, in

time to stop his car and avoid the injury, then it will be your duty to find for the defendant.''

The court also told the jury that, ''The burden of proof is upon the plaintiff in this case to show by a preponderance of the evidence, not only that his horse was injured by the defendant, but that the defendant was guilty of negligence which caused the injury. * * *''

It was not improper, therefore, to refuse the modification which submitted to the jury a question concluded by legislative enactment.

Moreover, the proviso appears to assume that the only negligence of appellant, claimed, was the failure to stop; whereas there was testimony showing negligence in running the car at an excessive rate of speed, a fact which, if true, might well have been taken into account by the jury in determining whether appellant was guilty of negligence in failing to stop his car. In other words, he could not run his car at a greater rate of speed than that allowed by law, and then defend by saying that he stopped his car as quick as he could, if he might have stopped his car, had he not been exceeding the speed limit, without frightening or injuring the horse.

For the error indicated, the judgment is reversed and remanded.