ELSASS *v.* SOUTHWESTERN TRANSPORTATION COMPANY.

Opinion delivered May 9, 1932.

*Holifield & Upton,* for appellant.

*Carter, Jones & Turney* and *Lamb & Adams,* for appellee.

HART, C. J. W. H. Elsass prosecutes this appeal to reverse a judgment on a directed verdict against him in favor of the Southwestern Transportation Company and

Jimmie Creason. According to the evidence on behalf of the appellant, he and his son lived about a mile west of Rector, Arkansas, and had a dog killed by a bus belonging to the Southwestern Transportation Company which was being driven by Jimmie Creason at the time of the accident on October 24, 1930. The appellant and his son were engaged in driving a cow from one place to another. They carried along a collie dog to help them. The dog had been trained to drive stock and was worth $100. Near the scene of the accident the main highway ran parallel with the track of the Cotton Belt Railroad. They drove the cow along the main highway until they reached a byroad where they desired to cross the railroad. The crossing at that place was blocked by a freight train. The son and the cow remained on one side of the highway, and the father went across the public road to talk with a neighbor who was in a wagon and also waiting to cross the railroad. The dog followed the father and took his place under the wagon. They saw the bus which killed the dog cross a railroad spur and approach them at the rate of ten or twelve miles an hour. After the bus crossed the railroad spur, it traveled somewhat slower. When it was opposite the place where the wagon was on one side of the road and the cow on the other, the dog started back across the highway, and, when near the middle of the highway, was struck by the bus and killed.

The testimony on behalf of the father and son was substantially as above stated. The driver of the bus testified that he was driving a Buick coach which was about 18 feet long and 7½ feet wide inside the body. It was a twelve-passenger bus. He slowed down after crossing the railroad spur, and saw the cow and boy on one side of the road and two men with a wagon on the other. The dog was under the wagon, and the driver of the bus did not see it any more until it was struck. He slowed down to pass between the cow and the wagon because he didn't know what the cow or the team would

do. He could not see on the ground near the bus on account of the size of his motor. The dog must have darted suddenly from under the wagon as the bus passed between the wagon and the cow. The wagon was only a few feet away from the side of the road.

The law of the case is stated in *Harris* v. *Hicks,* 143 Ark. 613, 221 S. W. 472, where it was held that, in addition to the requirements of our statute limiting the speed of motor cars and requiring the driver to stop on approaching a frightened horse, an automobile driver need exercise only ordinary care in operating his car. In the application of this settled principle of law to the facts of the instant case, we do not think the trial court erred in directing a verdict in favor of the appellees. The undisputed evidence shows that, as the driver of the bus approached the place on the highway between where the wagon with the team of horses was on one side of the road and the cow on the other, he slowed down in order to prevent an accident from the horses becoming frightened or the cow coming into the road in front of the bus. When he saw the dog, it was under the wagon, and he could not reasonably anticipate that it would dart suddenly into the road ahead of the bus.

We are of the opinion that the undisputed evidence shows that the killing of the dog was an accident, and that there was no fault on the part of the driver of the bus or on the part of the owner of it. It follows that the judgment of the trial court is correct, and it is therefore affirmed.